IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASMA CORBIN )<br>　　Plaintiff )<br>)<br>vs. )<br>)<br>LAMONT PATTERSON, et al )<br>)<br>　　Defendants. ) | C.A.No. 09-39Erie<br><br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

**II.    REPORT**

　　**A.    Relevant Procedural History**

Plaintiff, an inmate within the state correctional system, filed this civil action on February 23, 2009.

By Order dated February 24, 2009, Plaintiff was directed to file the documentation necessary to support her motion for in forma pauperis status before March 16, 2009. The Order warned that Plaintiff's failure to comply may result in the dismissal of this action for failure to prosecute. Plaintiff did not timely comply and this Court issued an Order to Show Cause on March 18, 2009, directing Plaintiff to show cause for her failure in this regard. Plaintiff complied by filing the documentation necessary to support her motion for leave to proceed in forma pauperis.

1

Thereafter, by Order dated March 24, 2009, Plaintiff's motion was granted and the complaint was filed. Plaintiff was then instructed that she must file either the Authorization form authorizing payment of the filing fee or the Withdrawal of Action form before April 13, 2009 in order for this case proceed. Plaintiff did not comply. By Order issued April 30, 2009, Plaintiff was again directed to show cause for her failure to comply before May 15, 2009. The Order warned that failure to comply would result in the dismissal of this action for her failure to prosecute it. To date, Plaintiff has failed to comply.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of her claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                S/Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 19, 2009